No. 95,240

In the Matter of MARK J. SACHSE, *Respondent.*

(135 P.3d 1207)

Opinion filed June 9, 2006.

*Janith A. Davis*, deputy disciplinary administrator, argued the cause, and *Stanton A. Hazlett*, disciplinary administrator, was with her on the formal complaint for the petitioner.

*Mark J. Sachse*, respondent, appeared pro se.

*Per Curiam:* This is an original uncontested proceeding in discipline filed by the Disciplinary Administrator's office against Mark J. Sachse, of Kansas City, an attorney admitted to the practice of law in Kansas.

The formal complaint filed against respondent alleges violations of KRPC 1.1 (2005 Kan. Ct. R. Annot. 356) competence; 1.3 (2005 Kan. Ct. R. Annot. 369) diligence and promptness; 1.4 (2005 Kan. Ct. R. Annot. 383) communication; 3.2 (2005 Kan. Ct. R. Annot. 457) expediting litigation; 8.1(b) (2005 Kan. Ct. R. Annot. 499) disclosure; 8.4(g) (2005 Kan. Ct. R. Annot. 504) misconduct; and Supreme Court Rule 207(b) (2005 Kan. Ct. R. Annot. 271) failure to cooperate. Respondent filed an answer admitting the allegations in the complaint.

A hearing before the panel of the Kansas Board for Discipline of Attorneys was held on August 23, 2005, in the hearing room of the office of Disciplinary Administrator, Topeka, Kansas. Respondent appeared pro se and stipulated to the facts and to the violations of KRPC as set forth in the complaint. The panel found the following facts were established by clear and convincing evidence:

### Gallagher Complaint: DA9201

"2. On October 2, 2002, Kevin and Jammi Gallagher retained the Respondent to expunge felony convictions of forgery for Mrs. Gallagher. At that time, the Gallaghers paid the Respondent $500.00 in attorney fees for the representation. Additionally, the Gallaghers provided the Respondent with a check made payable

for court costs. The Respondent told the Gallaghers that the expungement process would take approximately 30 days.

"3. After Mr. and Mrs. Gallagher placed numerous calls to the Respondent's office to get the process going, in late December 2002, the Respondent notified Mrs. Gallagher that the paperwork was ready to be signed. Mrs. Gallagher signed the pleadings. On January 2, 2003, Mrs. Gallagher returned the pleadings to the Respondent's office.

"4. Mr. Gallagher called the Respondent's office numerous times in January 2003, February 2003, and March 2003. Each time Mr. Gallagher called, the Respondent assured Mr. Gallagher that the expungement process would be completed in a matter of days. However, the Respondent had not yet filed the petition for expungement.

"5. On April 22, 2003, Mr. Gallagher sent the Respondent a letter asking the Respondent to complete the expungement by May 2, 2003.

"6. On April 30, 2003, the Respondent filed the petition to expunge Mrs. Gallagher's convictions. The Respondent called Mr. Gallagher and assured Mr. Gallagher that he would have the expungement completed soon.

"7. After filing the petition, the Respondent took no further action to complete the expungement.

"8. Mr. Gallagher called and left a message for the Respondent every month from May 2003 through November 2003, seeking the status of the expungement. The Respondent failed to return Mr. Gallagher's calls.

"9. In December 2003, Mr. Gallagher reached the Respondent by phone. The Respondent assured Mr. Gallagher that the matter would be completed within a few days. The Respondent did not complete the expungement.

"10. Mr. Gallagher again left messages for the Respondent in January 2004, February 2004, March 2004, and April 2004. The Respondent failed to return Mr. Gallagher's calls.

"11. On April 19, 2004, Mr. Gallagher filed a complaint with the Disciplinary Administrator's office.

"12. On April 22, 2004, the Disciplinary Administrator wrote to the Respondent, notified him that the complaint had been docketed for investigation, enclosed a copy of Mr. Gallagher's complaint, and requested that the Respondent provide a written response to Mr. Gallagher's complaint within 20 days.

"13. John Duma, Chairman of the Wyandotte County Ethics and Grievance Committee, was assigned to investigate Mr. Gallagher's complaint. On May 3, 2004, Mr. Duma wrote to the Respondent and reminded him of his obligation to provide a written response to Mr. Gallagher's complaint.

"14. The Respondent failed to provide a written response to Mr. Gallagher's complaint.

"15. On May 13, 2004, Mr. Gallagher sent the Respondent letter terminating the Respondent's representation and requesting that the Respondent return the attorney fee paid. The Respondent provided Mr. and Mrs. Gallagher with a refund of $500.00 and promised to complete the expungement immediately at no charge.

"16. After being fired by Mr. Gallagher, on May 24, 2004, the Respondent refiled the petition for expungement in Mrs. Gallagher's behalf. The Respondent, however, did not provide a proposed order of expungement.

"17. On October 29, 2004, Mr. Duma filed an order of expungement in behalf of Mrs. Gallagher.

### *Lantos Complaint: DA9259*

"18. The Respondent agreed to represent Javier Ortega, who was detained in a jail in Tulsa, Oklahoma. Mr. Ortega did not speak or understand the English language. The Respondent hired Sebastian Lantos, a certified court interpreter to interpret from and translate into Spanish.

"19. On August 12, 2002, Mr. Lantos provided translation services during a jail visit with Mr. Ortega. On that same date, Mr. Lantos' office sent the Respondent a bill for $60.00. The Respondent did not pay the bill.

"20. Beginning November 3, 2002, and continuing through April 28, 2004, Mr. Lantos and his office staff left numerous messages and sent numerous reminders regarding the outstanding bill. Still, the Respondent did not pay the bill.

"21. Then, on May 5, 2004, Mr. Lantos filed a complaint with the Disciplinary Administrator's office.

"22. On May 11, 2004, the Disciplinary Administrator wrote to the Respondent, enclosed a copy of Mr. Lantos' complaint, and requested that the Respondent provide a written response to Mr. Lantos' complaint within 15 days. The Respondent did not provide a written response to the complaint.

"23. On June 23, 2004, the Disciplinary Administrator wrote to the Respondent for a second time. The Disciplinary Administrator enclosed a copy of the May 11, 2004, letter and again directed the Respondent to provide a written response to the complaint. The Disciplinary Administrator provided the Respondent with an additional 10 days to respond to the complaint. The Respondent did not provide a written response to the complaint.

"24. On July 13, 2004, the Disciplinary Administrator wrote to the Respondent regarding Mr. Lantos' complaint for the third time. The Disciplinary Administrator informed the Respondent that Mr. Lantos' complaint had been docketed for investigation. The Disciplinary Administrator provided the Respondent with an additional 20 days to provide a written response to the complaint.

"25. Mr. Duma was appointed to investigate Mr. Lantos' complaint. On July 19, 2004, Mr. Duma wrote to the Respondent and reminded him to provide a written response to the complaint.

"26. The Respondent did not provide a written response to Mr. Lantos' complaint. Additionally, it appears that the Respondent still has not paid Mr. Lantos.

"27. The Respondent stipulated to each and all of the foregoing facts at the hearing."

The panel made the following conclusions of law:

"1. Based upon the findings of fact, the Hearing Panel concludes as a matter of law that the Respondent violated KRPC 1.1, KRPC 1.3, KRPC 1.4, KRPC 3.2, KRPC 8.1(b), KRPC 8.4(g), and Kan. Sup. Ct. R. 207(b), as detailed below. At the hearing, the Respondent stipulated and agreed that he committed these violations of the Rules.

"2. Lawyers must provide competent representation to their clients. KRPC 1.1. 'Competent representation requires the legal knowledge, skill, thoroughness and preparation reasonably necessary for the representation.' The Respondent failed to competently represent Mrs. Gallagher when he failed to prepare the order of expungement. Accordingly, the Hearing Panel concludes that the Respondent violated KRPC 1.1.

"3. Attorneys must act with reasonable diligence and promptness in representing their clients. *See* KRPC 1.3. In this case, the Respondent failed to provide diligent representation to Mrs. Gallagher when he failed to timely file and prosecute the petition for expungement. Because the Respondent failed to act with reasonable diligence and promptness in representing Mrs. Gallagher, the Hearing Panel concludes that the Respondent violated KRPC 1.3.

"4. KRPC 1.4(a) provides that '[a] lawyer shall keep a client reasonably informed about the status of a matter and promptly comply with reasonable requests for information.' In this case, the Respondent violated KRPC 1.4(a) when he failed to return Mr. Gallagher's telephone calls and provide him with information regarding the status of Mrs. Gallagher's expungement. Accordingly, the Hearing Panel concludes that the Respondent violated KRPC 1.4(a).

"5. An attorney violates KRPC 3.2 if he fails to make reasonable efforts to expedite litigation consistent with the interests of his client. In this case, the Respondent failed to expedite Mrs. Gallagher's expungement case. On April 30, 2003, the Respondent filed a petition for expungement for the first time. Thereafter, the Respondent took no action to prosecute the petition. Over a year later and not until after the representation was terminated, the Respondent filed a second petition for expungement. Accordingly, the Hearing Panel concludes that the Respondent violated KRPC 3.2.

"6. 'It is professional misconduct for a lawyer to . . . engage in any other conduct that adversely reflects on the lawyer's fitness to practice law.' KRPC 8.4(g). The Respondent engaged the services of a certified court interpreter and then failed to pay for the services. The Respondent violated KRPC 8.4(g) when he failed to pay Mr. Lantos' bill.

"7. Lawyer must cooperate in disciplinary investigations. KRPC 8.1(b) and Kan. Sup. Ct. R. 207(b) provide the requirement in this regard. '[A] lawyer in connection with a . . . disciplinary matter, shall not: . . . knowingly fail to respond to a lawful demand for information from [a] . . . disciplinary authority.' " KRPC 8.1(b).

"It shall be the duty of each member of the bar of this state to aid the Supreme Court, the Disciplinary Board, and the Disciplinary Administrator in investigations

concerning complaints of misconduct, and to communicate to the Disciplinary Administrator any information he or she may have affecting such matters." Kan. Sup. Ct. R. 207(b).

The Respondent knew that he was required to forward a written response to the initial complaints—he had been repeatedly instructed to do so in writing by the Disciplinary Administrator and Mr. Duma. Because the Respondent knowingly failed to provide a written response to the initial complaints filed by Mr. Gallagher and Mr. Lantos as requested by the Disciplinary Administrator and Mr. Duma, the Hearing Panel concludes that the Respondent knowingly violated KRPC 8.1(b) and Kan. Sup. Ct. R. 207(b)."

The panel applied the ABA Standards for Imposing Lawyer Sanctions and considered ABA Standard 3 in making its recommendation as to the discipline to be imposed against the respondent.

The panel found the following aggravating factors: three prior disciplinary offenses (respondent was informally admonished for having violated KRPC 1.15 (2005 Kan. Ct. R. Annot. 431) and KRPC 1.3 (2005 Kan. Ct. R. Annot. 369) and placed on supervised probation for violations of KRPC 1.1, 1.3, 1.4[a], 1.15, 3.2, and Supreme Court Rule 207), a pattern of misconduct, multiple offenses, obstruction of the disciplinary process, and substantial experience in the practice of law. The panel found several mitigating circumstances including acknowledgment of the violations and absence of a dishonest or selfish motive.

In addition to the above-cited factors, the panel has thoroughly examined and considered Standards 7.2 and 8.2. Those standards provide:

"Suspension is generally appropriate when a lawyer knowingly engages in conduct that is a violation of a duty owed to the profession, and causes injury or potential injury to a client, the public, or the legal system." Standard 7.2.

"Suspension is generally appropriate when a lawyer has been reprimanded for the same or similar misconduct and engages in further acts of misconduct that cause injury or potential injury to a client, the public, the legal system, or the profession." Standard 8.2.

The panel then concluded its recommendation as follows:

"While the Respondent requested that the Hearing Panel recommend that the Respondent be censured, he failed to put on any evidence in mitigation which would support such a request. Indeed, other than his own oral argument, the Respondent failed to present any semblance of remorse for his conduct. When questioned by the Hearing Panel regarding the lack of evidence, the Respondent failed to provide an adequate explanation for the lack of evidence.

"Because the Respondent has previously received probation for earlier misconduct and because he failed to cooperate in the disciplinary investigations, the Hearing Panel unanimously recommends that the Respondent be suspended from the practice of law in the state of Kansas for a period of one year."

Respondent filed an exception to the panel's application of the American Bar Association's Standards and recommendation of discipline.

The Deputy Disciplinary Administrator also recommends that the respondent be suspended for 1 year.

The court, having considered the record herein and the reports of the hearing panel, concurs in the findings, conclusions, and recommendation of the panel.

IT IS THEREFORE ORDERED that Mark J. Sachse be suspended from the practice of law in the state of Kansas for a period of 1 year, effective the date of this opinion, in accordance with Supreme Court Rule 203(a)(2) (2005 Kan. Ct. R. Annot. 247).

IT IS FURTHER ORDERED that respondent fully comply with Supreme Court Rule 218 (2005 Kan. Ct. R. Annot. 315), that the costs of these proceedings be assessed to the respondent, and this opinion be published in the official Kansas Reports.

DAVIS, J., not participating.

BUSER, J., assigned.