Bar Docket No. 12956

In the Matter of MARK J. SACHSE, *Respondent.*

(167 P.3d 793)

In a letter dated September 17, 2007, to the Clerk of the Appellate Courts, respondent Mark J. Sachse, an attorney admitted to the practice of law in the state of Kansas, voluntarily surrendered his license to practice law in Kansas, pursuant to Supreme Court Rule 217 (2006 Kan. Ct. R. Annot. 308).

Respondent has twice been informally admonished and on July 14, 2000, he was placed on supervised probation for 2 years. *In re Sachse*, 269 Kan. 810, 8 P.3d 745 (2000). On June 9, 2006, respondent was suspended for 1 year. *In re Sachse*, 281 Kan. 1197, 135 P.3d 1207 (2006).

At the time respondent surrendered his license, a formal complaint had been filed against him by the Disciplinary Administrator's office on 17 separate complaints and a panel hearing was pending in accordance with Supreme Court Rule 211 (2006 Kan. Ct. R. Annot. 284). The formal complaint alleged that respondent violated multiple rules in the representation of numerous clients, including KRPC 1.1 (2006 Kan. Ct. R. Annot. 358) (competence) when respondent failed to file petitions and failed to respond to motions on behalf of clients; KRPC 1.3 (2006 Kan. Ct. R. Annot. 371) (diligence) when respondent failed to timely docket appellate cases and failed to do legal work on several cases; KRPC 1.4 (2006 Kan. Ct. R. Annot. 386) (communication) when respondent consistently failed to respond to phone calls, letters, and emails from numerous clients; KRPC 1.5 (2006 Kan. Ct. R. Annot. 401) (fees) when respondent took fees from numerous clients and then failed to perform any legal work; KRPC 1.16 (2006 Kan. Ct. R. Annot. 448) (declining or terminating representation) when respondent failed to properly withdraw from cases after being suspended in June 2006; KRPC 3.2 (2006 Kan. Ct. R. Annot. 462) (expediting litigation) when respondent failed to docket appellate cases and continued other cases without the clients' consent; KRPC 4.1 (2006

Kan. Ct. R. Annot. 484) (truthfulness in statements to others) when respondent failed to be truthful with his clients, and their subsequent counsel, as to the true status of their cases; KRPC 8.4(d) (2006 Kan. Ct. R. Annot. 510) (engaging in conduct prejudicial to the administration of justice) when respondent ceased working on several cases and failed to communicate with the clients or provide them with substitute counsel; and Supreme Court Rule 207 (2006 Kan. Ct. R. Annot. 268) for failing to cooperate with disciplinary investigations in all 17 complaints.

As of the date of respondent's surrender, the Client Protection Fund has paid out $27,650 in compensation to eight of respondent's clients who suffered loss because of his conduct.

This court, having examined the files of the office of the Disciplinary Administrator, finds that the surrender of the respondent's license should be accepted and that the respondent should be disbarred.

IT IS THEREFORE ORDERED that Mark J. Sachse be and he is hereby disbarred from the practice of law in Kansas, and his license and privilege to practice law are hereby revoked.

IT IS FURTHER ORDERED that the Clerk of the Appellate Courts strike the name of Mark J. Sachse from the roll of attorneys licensed to practice law in Kansas.

IT IS FURTHER ORDERED that this order shall be published in the Kansas Reports, that the costs herein shall be assessed to the respondent, and that Mark J. Sachse forthwith shall comply with Supreme Court Rule 218 (2006 Kan. Ct. R. Annot. 314).

DATED this 27th day of September, 2007.